■ THE PEOPLE OF THE STATE OF NEW YORK v. SALVATORE J. IANNUCCI, as Committee of the Person and Property of MICHAEL KANE, an Incompetent Person.— Motion for leave to appeal as a poor person denied in all respects. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.

■ COLONY REALTY Co. et al. v. ABRAHAM J. RODOLITZ et al.— Motion for withdrawal and/or discontinuance of appeal denied. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■ In the Matter of the Discharge of BLACKWELL WILLIAMS, as Successor Committee of the Person and Property of JAMES WILLIAMS.— Motion for an order discharging Blackwell Williams from any and all liability as successor committee and for other relief denied. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■ In the Matter of the Incorporation of the GANDHI SOCIETY FOR HUMAN RIGHTS.— Application for approval of the proposed certificate of incorporation of the society pursuant to the provisions of subdivision 5 of section 280 of the Penal Law denied, with leave to renew if applicant is so advised. Section 280 of the Penal Law provides for limited exemptions from its provisions for certain benevolent or charitable organizations, or other organizations which assist persons without means. The proposed certificate of incorporation in subparagraph 3 of the paragraph denominated SECOND goes beyond the authority conditionally allowed in the statute. Moreover, despite the declarations by those who make the application on behalf of the proposed corporation, the powers proposed to be conferred in the certificate of incorporation as presently phrased would risk unduly recurring violation of canon 35 of the Canons of Professional Ethics. It may be that the certificate can be so modified as to avoid the difficulties mentioned, or even, as a further consequence, to eliminate the necessity for approval by the Appellate Division. However, should it be necessary for the application to be renewed then the court would require that there be submitted with the application a prospectus of purposes and proposed activities to make certain that they would be lawful in all respects (*Matter of Association of Freedom of Choice* v. *Shapiro,* 9 N Y 2d 376). Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■ MILAGROS CRUZ, v. PHILIP PATES.— Motion for leave to prosecute as poor persons granted insofar as to permit the appeal to be heard on the original record, without printing the same, and upon typewritten or mimeographed appellants' points, on condition that the appellants serve one copy of the typewritten or mimeographed appellants' points upon the attorney for defendant-respondent and file 6 typewritten or 19 mimeographed copies thereof, together with the original record, with this court. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■ MILTON HART v. JOHN G. HELLMAN Co., INC., et al.— Motion for leave to dispense with printing granted only to the extent of dispensing with the printing in the record on appeal of certain exhibits which are set forth in the moving papers herein on condition that the originals, or legible copies thereof, are filed with this court on or before the Wednesday preceding the first day of the term for which the appeal is noticed for argument. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. JOHN J. HAYES.— Motion for leave to reinstate appeal denied. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. GEORGE ANGELET.— Motion to reinstate appeal denied. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.